Kirkpatrick, C. J.
Did not think that the taking a bill of exception before a justice, a regular proceeding; and it may be attended with dangerous consequences to alter the law in this respect.
Pennington, J. — Was of the same opinion.
Rossex.1., J. — Was of opinion, that the bill of exceptions ought to be read.
Bill of exceptions over-ruled.
Mr. Ch'iffith was about moving the Court for a rule on the justice, to perfect his return to the certiorari; when,
Kirkpatrick, C. J.
— Observed, that he believed it was unnecessary, as sufficient had already appeared to show that the money for which the action was brought below, was paid out of the township funds; that the town alone was concerned in interest, and therefore, the action ought to have been brought in the name of the township, in which opinion, the Reporter understood Judge Rossell to acquiesce.
Pennington, J.
— The ground of the action below, is not sufficiently disclosed by the record, to enable me to say with certainty that the action could not be sustained by the plaintiff below, in his own name; but the cause why it does not appear, leads me to concur in reversing the judgment of the justice. The state of demand ought to have disclosed the right. It was held by this Court, in the case of Bruen v. Douglass, (State Rep: 464,) that a general count for money had and received, was not a sufficient state of demand in a justice’s court; and although I gave no opinion in that case for the reasons there given; yet I fully approved of the opinion then delivered by my brethren; and think this judgment ought to be reversed [*] for that cause; thei’e ought to be a specification of the ground of the action, disclosed by the state of demand, in the nature of a bill of particulars; otherwise, defendants will not only be exposed to be surprised, but subject to numerous frauds practised on them, under the forms of judicial proceeding.
Judgment reversed.